12-0967-cv
NGC Network Asia v. PAC Pacific Group Int'l

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of February, two thousand thirteen.

PRESENT:   AMALYA L. KEARSE,
                        RAYMOND J. LOHIER, JR.,
                                                *Circuit Judges*,
                        LEWIS A. KAPLAN,
                                                *District Judge.*[*]

-------------------------------------------------------------------

NGC NETWORK ASIA, LLC,

     *Petitioner-Appellee*,

             v.                                                No. 12-0967-cv

PAC PACIFIC GROUP INTERNATIONAL, INC.,

     *Respondent-Appellant*.

-------------------------------------------------------------------

FOR PETITIONER-APPELLEE:     MATTHEW SOLUM (Shireen A. Barday, *on the brief*), Kirkland & Ellis LLP, New York, NY.

---

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR RESPONDENT-APPELLANT:    JOHN F. L. HEBB, Law Offices of John F. L. Hebb, Santa Monica, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

PAC Pacific Group International, Inc. ("PPGI") appeals from a judgment of the United States District Court for the Southern District of New York (Forrest, J.), confirming an arbitration award rendered in October 2009 and denying PPGI's motion to vacate the award and stay enforcement proceedings. We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  The Order Confirming the Arbitration Award

On appeal from a district court's decision to confirm or vacate an arbitration award, "we review findings of fact for clear error and questions of law de novo." Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012). As relevant here, the Federal Arbitration Act (the "FAA") provides that a district court may vacate an arbitration award "where there was evident partiality or corruption in the arbitrators," "where the award was procured by corruption, fraud, or undue means," or "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award . . . was not made." 9 U.S.C. § 10(a)(1), (2), (4). On this record, there is no basis for vacating the award.

2

### a. Evident Partiality

PPGI insists that the District Court should have vacated the arbitration award because the arbitrator exhibited "evident partiality." An arbitrator is disqualified under that standard "only when a reasonable person, considering all of the circumstances, 'would <u>have</u> to conclude' that an arbitrator was partial to one side." <u>Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.</u>, 492 F.3d 132, 137 (2d Cir. 2007) (emphasis added) (quoting <u>Morelite Constr. Corp. v. N.Y.C. Dist. Council Carpenters Benefit Funds</u>, 748 F.2d 79, 84 (2d Cir. 1984)). We use a pragmatic case-by-case approach to determine whether that standard is met, "remain[ing] cognizant of peculiar commercial practices and factual variances." <u>Morelite</u>, 748 F.2d at 84.

Here, the alleged conflict, which was disclosed by the arbitrator at the time of his selection, involves a business relationship between Arent Fox LLP, where the arbitrator was a managing partner, and National Geographic Society ("National Geographic"), which had an indirect, non-controlling ownership interest in Petitioner-Appellee NGC Network Asia, LLC ("NGC"). Because the arbitrator properly complied with his disclosure obligations, "[t]he concern . . . that nondisclosure might create an appearance of bias or even be evidence of bias is simply not present in this case". <u>Lucent Techs. Inc. v. Tatung Co.</u>, 379 F.3d 24, 29 (2d Cir. 2004). In addition, the District Court found that none of the parties to the arbitration were clients of Arent Fox, National Geographic was not a party to the contract at issue or a witness in the arbitration proceedings, no discovery was sought from National Geographic, and National Geographic had no management rights or control over NGC. None of these findings is clearly erroneous, and we cannot say that the relationship is one that would compel a reasonable person to

3

conclude that the arbitrator was partial.  See id. at 31-32 (no evident partiality where arbitrator disclosed that he had previously been retained as an expert by one of the parties).

### b.  Undue Means

Nor is there record evidence that the award was procured by undue means as a result of the denial by the American Arbitration Association ("AAA") of PPGI's challenges to the arbitrator.  The AAA's Commercial Arbitration Rules required that an arbitrator "be impartial and independent" and that, upon objection by a party, "the AAA shall determine whether the arbitrator should be disqualified" in a "decision [that] shall be conclusive."  The denial of PPGI's challenges complied with the AAA's rules, which indisputably governed the arbitration proceedings.  Under these circumstances, the District Court correctly ruled that the award was not procured by undue means within the meaning of the FAA.  Cf. Drayer v. Krasner, 572 F.2d 348, 352 (2d Cir. 1978) (Friendly, J.) (undue means provision applied where the party openly offered evidence for the purpose of causing prejudice where arbitrators declined to receive the evidence).

### c.  Manifest Disregard of the Law

PPGI also argues that the award must be vacated because the arbitrator disregarded the law regarding implied covenants of good faith and fair dealing and declined to rule on its "pivotal" claim that NGC breached those covenants.  We have required vacatur of an arbitral award for manifest disregard of the law only where "the governing law alleged to have been ignored by the arbitrator[] was well defined, explicit, and clearly applicable," and "the arbitrator knew about the existence of a clearly governing legal principle but decided to ignore it."  Jock v. Sterling Jewelers Inc., 646 F.3d 113, 121 n.1 (2d Cir. 2011)

4

(quotation marks omitted). Here, the arbitrator explicitly addressed and rejected PPGI's claim for breach of the implied covenants. Moreover, his conclusion that there was no implied duty to make commercially reasonable efforts to sell the advertising time, based on evidence that the parties explicitly chose not to include such an obligation in the contract, accords with applicable law. See City of Yonkers v. Otis Elevator Co., 844 F.2d 42, 48 (2d Cir. 1988); Perma Research & Dev. v. Singer Co., 542 F.2d 111, 118-19 & n.4 (2d Cir. 1976).

2. Denial of Discovery

Post-award discovery regarding an arbitrator's alleged bias is appropriate in limited situations where "clear evidence of impropriety" has been presented. Lucent, 379 F.3d at 32 (quotation marks omitted). For the reasons discussed above, PPGI has failed to make the necessary showing of impropriety on the part of the arbitrator. Therefore, even assuming PPGI adequately raised the need for discovery below, the District Court did not err in refusing to permit discovery.

**CONCLUSION**

We have considered PPGI's remaining arguments on appeal and conclude that they are without merit or moot. For the foregoing reasons, the District Court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5